SO ORDERED.

Dated: April 25, 2016

Daniel P. Collins, Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 Proceedings |
| Craig Steven Ridenhour and Getuta Ridenhour, husband and wife, | Case No: 3:14-bk-13339-DPC |
| Debtors. | **UNDER ADVISEMENT RULING ON DEBTORS' OBJECTIONS TO TRUSTEE'S PLAN RECOMMENDATIONS**<br><br>**[NOT FOR PUBLICATION]** |

Craig Steven Ridenhour and Getuta Ridenhour ("Debtors") filed their Amended Chapter 13 Plan ("Plan") (Docket Entry ("DE") 102)[1] to which the Chapter 13 trustee, Russell Brown ("Trustee"), filed his Plan Recommendations (DE 108). By way of their objections to these recommendations, Debtors filed their Motion to Set Hearing on Trustee's Plan Recommendations ("Objections") (DE 110). In essence, Debtors' Objections contend that (1) under § 521(f)(1)[2] the Trustee cannot demand the Debtors' Plan include terms requiring the Debtors to send copies of their signed post-petition federal and state income tax returns directly to the Trustee; (2) the Trustee cannot require the Debtors to amend their Plan to include provisions mandating they either alter Mr. Ridenhour's income tax withholdings, or provide that Debtors' federal and state tax refunds be paid into the Plan over the term of the Plan; and (3) the Trustee may not insist the Plan call for disposable income earned by Ms. Ridenhour post-petition be paid into

---

[1] All docket entries refer to the docket number in the administrative case, 2:14-bk-13339-DPC.

[2] Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code ("Code"), 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

the Plan. Debtors note she is unemployed and the Trustee has come forward with no evidence projecting that she will earn any disposable income over the life of the Plan.

For the reasons stated below, the Court sustains Debtors' objections #1 and #3 but denies objection #2.

**I.   Background**

Debtor filed for bankruptcy under chapter 13 of the United States Bankruptcy Code (the "Code") on August 28, 2014. Their initial Schedule I (DE 14) reflects that Mr. Ridenhour is employed at HD Ultrasound Association as a Cardio Sonographer and that Ms. Ridenhour is employed at HD Ultrasound Association as a Medical Assistant. However, on January 14, 2015, the Debtors amended their schedules to reflect that Ms. Ridenhour is a homemaker (DE 55).

Debtors filed their Amended Plan on September 1, 2015 (DE 102). The Trustee filed his Recommendations on Amended Chapter 13 Plan ("Recommendations") on October 20, 2015 (DE 108). Taking umbrage at a number of the Trustee's Recommendations, Debtors filed their Objections on December 6, 2015 (DE 110). The Trustee filed his Memorandum in Support of Trustee's Evaluation and Recommendation ("Response") on March 30, 2016 (DE 120). Debtors filed their Final Memorandum in Support of their Objections on March 30, 2016 (DE 121). The Court heard Oral argument on April 4, 2016 after which the Court took this matter under advisement.

**II.   Issues**

1. May the Trustee block confirmation of the Debtors' Plan if the Plan fails to require that Debtors send directly to the Trustee signed copies of their state and federal returns within 30 days of filing such returns?

2. May the Trustee block confirmation of Debtors' Plan if the Plan does not (a) commit post-confirmation state and federal income tax refunds to the Plan or

(b) adjust Mr. Ridenhour's payroll deductions to prevent over withholding of income taxes?

3. May the Trustee insist Debtors' Plan require that Debtors pay into their Plan any disposable income the presently unemployed Ms. Ridenhour may make prior to completion of the Plan?

### III. Analysis

A. State and Federal Tax Returns.

§ 521(f)(1) states, in pertinent part, as follows:

. . .
**(f)** At the request of the court, the United States trustee, or any party in interest in a case under chapter 7, 11, or 13, a debtor who is an individual shall file with the court—
> **(1)** at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending under such chapter;

In the parties' pleadings and at oral argument, the Court learned the parties are not truly at odds on the question of whether the Trustee may require the Debtors to supply the Trustee with a signed copy of their income tax returns filed post-petition within 30 days of filing those returns. Both parties agree § 521(f)(1) requires the Debtors to file their federal returns with the court but, at the Debtors' election, they may file a transcript of their federal returns. The parties agree this statute does not require the filing with the court of a state return, nor does it require a debtor to send copies of tax returns directly to the trustee, nor must the court-filed federal return be signed by the Debtors since they may opt to file a transcript of the federal returns. Such transcripts are not signed by the taxpayer.

Debtors' Objections on the three points of this first issue are hereby sustained.

B. <u>Tax Refunds and Over Withholding.</u>

§ 1325(b)(1)(B) states as follows:

. . .
**(b)**
>  **(1)** If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>  **(A)** the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>  **(B)** the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

Debtors object to the Trustee's Recommendations at paragraph 3, page 2 contending this recommendation runs afoul of the cases *In re Anderson*, 21 F.3d 355 (9th Cir. 1994) and *In re Heath*, 182 B.R. 557 (B.A.P. 9th Cir. 1995). In *Anderson*, the Court rejected a chapter 13 trustee's argument that a chapter 13 plan could not be confirmed where the plan did not provide assurances that the debtor would pay all actual disposable income during the life of the plan. The court noted that "§1325(b)(1)(B) requires provision for 'payment of all projected disposable income' as calculated at the time of confirmation, and we reject the Trustee's attempt to impose a different, more burdensome requirement on the debtors' plan as a prerequisite to confirmation." *In re Anderson*, 21 F.3d at 358. A year later, in *Heath*, the 9th Circuit B.A.P. followed up the *Anderson* decision by holding "that without some minimal showing by a Chapter 13 trustee that the debtor may receive tax refunds during the term of the plan, the trustee cannot require the debtor to commit to the plan all tax refunds that the debtor actually receives during the term of the plan." *In re Heath*, 182 B.R. at 561. *Heath* also stands for the proposition that while "the debtor carries the burden of proving, by a preponderance of the evidence, that the plan complies with the statutory requirements of confirmation," including the

requirement that the plan be proposed in good faith, a party objecting to the plan under § 1325(b) has "at a minimum 'the initial burden of producing satisfactory evidence to support the contention that the debtor is not applying all of his disposable income' to the plan payments." *Id* at 560-61, *citing Educ. Assistance Corp. v. Zellner*, 827 F.2d 1222, 1226 (8th Cir. 1987).

In the case at bar, the Debtors contend "the Trustee uses the singular event of a year 2013 income tax refund as grounds for turnover of the year '2014, 2015, 2016, 2017, and 2018' refunds. The use of a singular event is not a projection of future events." Objections, DE 110, P.5. The Trustee's Response at page 5 notes that the Debtors' 2013 federal tax return provides a comparison of the 2012 and 2013 federal returns and that both returns reflect federal refunds in excess of $10,000 in addition to receiving state refunds totaling $2,000. This Court finds the Trustee has sustained his burden of providing sufficient evidence supporting his contention that debtors are not applying all of their disposable income in their Plan. Rather, Debtors appear to be over-withholding taxes from Mr. Ridenhours' paycheck.[3] Debtors must either appropriately adjust withholding to Mr. Ridenhour's income or commit their state and federal income tax refunds to their Plan for the life of the Plan. In this Court's view, unlike the trustee in *Heath*, whether the Trustee points to material tax refunds in the one year prior to the debtor's bankruptcy petition or the two pre-petition tax years, the trustee has made more than the "minimal showing" that the debtors "may receive tax refunds during the term of the plan." The Trustee has demonstrated a level of tax refund "projectability" and therefore meets the requirements of §1325(b)(1)(B). *In re Heath*, 182 B.R. at 559.

---

[3] A debtor intentionally over-withholding taxes from his income may well fail to satisfy the Code's requirement that a chapter 13 plan be proposed in good faith. 11 U.S.C. § 1325(a)(3). *In re Heath*, 182 B.R. 557, 561 (B.A.P. 9th Cir. 1995).

The Trustee is wise to object to Debtors' Plan's failure to include projectable tax refunds. Had the Trustee instead waited until the Debtors actually received post-petition tax refunds and then sought an order of the Court modifying the Plan to require payment of these refunds into the Plan, the Debtors might have successfully argued such refunds were projectable at the effective date of the Plan and, therefore, block the Trustee's request that the Debtors' Plan be modified to include such post-petition refunds.

Debtors' objections on this second issue are overruled.

### C. Disposable Income Potentially Earned By Ms. Ridenhour.

Debtors object to paragraph 6 of the Trustee's recommendations to the extent the Trustee required the Debtors' Plan to include a provision requiring them to pay into the Plan any disposable income made during the Plan term by the presently unemployed Ms. Ridenhour. This objection also implicates the "projectable disposable income" element of § 1325(b)(1)(B). However, unlike the Trustee's evidence that the Debtors may be expected to receive post-petition tax refunds, the Trustee has produced no evidence tending to demonstrate Ms. Ridenhour may generate any disposable income over the term of the Plan. Instead, the Trustee merely argues any disposable income earned post-bankruptcy by Ms. Ridenhour would be property of the estate under § 1306(a)(2). While her income would be property of the estate, this alone is insufficient for the Trustee to prevail on his § 1325(b)(1)(B) objection. The question is whether the Debtors have committed their "projected disposable income" to the Plan. Where the Court has been provided no evidence supporting a projection that Ms. Ridenhour can be expected to earn post-petition disposable income, the Debtors' objection on this third issue must be sustained.

### IV. Conclusion

For the reasons stated above, the Court sustains the Debtors' Objections identified in Sections III (A) and (C) above and denies the Debtors' Objections noted in Section III (B).

**IT IS ORDERED** that within 30 days of this Order, Debtors shall file an amended chapter 13 plan consistent with the terms of this Order.

**IT IS FURTHER ORDERED** setting a status hearing on this matter on May 23, 2016 at 2:30 p.m.

**Signed and Dated Above.**

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to:

**DAVID ALLEGRUCCI**
ALLEGRUCCI LAW OFFICE PLLC
307 North Miller Road
Buckeye, AZ 85326

**MARY MARTIN**
101 North First Avenue, Suite 1775
Phoenix, AZ 85003
Attorney for Edward J. Maney, Chapter 13 Trustee

**CRAIG AND GETUTA RIDENHOUR**
812 OAK TERRANCE DR
PRESCOTT, AZ 86301
YAVAPAI-AZ